M. T. PATRICK, APPELLEE, v. OLOF PAULSON ET AL., APPELLANTS.

[FILED APRIL 7, 1892.]

Chattel Mortgages: PRIORITIES: RECORDING. A chattel mortgage was made October 18, 1888, and filed for record December 21, 1888, at 1:15 P. M. On December 18, 1888, the same mortgagor made a second mortgage on the same and other property to secure certain sureties who had signed his notes. This mortgage was filed for record five minutes after the first. In a contest between the mortgagees it did not appear that the second mortgagees had paid any actual consideration therefor. *Held*, That to entitle them to priority it must be made to ap-

pear that but for the failure of the first mortgagee to file his mortgage for record they would not have become sureties for the mortgagor; that he was insolvent and that they would be compelled to pay the debt.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Charles W. Haller*, for appellants:

The three appellants are purchasers in good faith (*Aultman v. Patterson*, 14 Neb., 58; Bishop, Contr., secs. 748, 753; *Bank v. Ellis*, 30 Minn., 270; *De Courcey v. Collins*, 21 N. J. Eq., 357; *Lowe v. Wing*, 56 Wis., 31; *Rockwell v. Humphrey*, 57 Id., 410), and for value. (*Thurman v. Stoddard*, 63 Ala., 336; *Fellows v. Prentiss*, 3 Denio [N. Y.], 512; *Appleton v. Parker*, 15 Gray [Mass.], 173; *Kittle v. Wilson*, 7 Neb., 76; Daniel, Neg. Inst., secs. 1272, 1273, 1329; Bishop, Contr., secs. 185, 187, 384; Brandt, S. & G., secs. 316, 317, 318; *Weed S. M. Co. v. Oberreich*, 38 Wis., 325; *Robinson v. Dale*, Id., 330; *Norton v. Roberts*, 4 T. B. Mon. [Ky.], 491, 494; *Myers v. Welles*, 5 Hill [N. Y.], 463; *Gould v. Robson*, 8 East [Eng.], 576; *Scarborough v. Harris*, 1 Bay [S. Car.], 177; *Wolf v. Fink*, 1 Pa. St., 435; *Whiting v. Sullivan*, 7 Mass., 107; *Slagle v. Pow*, 41 O. St., 603; *Russell v. La Roque*, 11 Ala., 352; *La Roque v. Russell*, 7 Id., 798.) Purchasers in good faith and for value will hold against prior incumbrances. (Comp. Stats., ch. 32, sec. 14.)

*Jeffrey & Rich*, contra:

No new consideration was advanced by the three appellants and they are not, therefore, *bona fide* incumbrancers within the meaning of the statute. (Jones, Chat. Mortg., secs. 312, 313, 247; *Kohl v. Lynn*, 34 Mich., 360; *People's Sav. Bk. v. Bates*, 120 U. S., 556, 569; Randolph, Com. Pa., sec. 462.)

MAXWELL, CH. J.

This is a contest for priority between mortgagees of chattels. The court below found the issues in favor of the plaintiff, from which the defendants appeal. It appears from the record that on the 16th day of October, 1888, the mortgage to the plaintiff was executed which was filed for record December 21, 1888, at one o'clock and fifteen minutes P. M. The appellant's mortgage is dated December 18, 1888, and was filed for record December 21, 1888, at one o'clock and twenty minutes P. M. The testimony shows that the last mortgage was given to secure the defendants Ekdahl, Frostrom, and Nelson, who had become sureties for Paulson on five notes of $500 each. This security is in the form of a note for $2,500 secured by two mortgages, one upon certain real estate and the other upon the chattels in controversy.

It is claimed on behalf of the appellants that the plaintiff's chattel mortgage is absolutely void as against the appellee's because not filed for record before the 18th day of December, 1888.

Section 14, chapter 32, Compiled Statutes, provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditor of the mortgagor, and as against subsequent purchasers and mortgagors in good faith, unless the mortgage, or a true copy thereof, shall be filed in the office of the county clerk of the county where the mortgagor executing the same resides, or in case he is a non-resident of the state, then in the office of the clerk of the county where the property mortgaged may be at the time of executing such mortgage, and such clerk shall indorse on such instrument or copy the time of receiving the same and shall keep the

same in his office for the inspection of all persons; and such mortgage or instrument may be so filed, although not acknowledged, and shall be valid as if the same were fully spread at large upon the records of the county."

The proof fails to show that the appellants belong to either class named. They are not *bona fide* purchasers, as, so far as appears, they have paid nothing for the property. It is true they are liable as sureties, but this alone will not give them priority over the plaintiff unless it is also made to appear that in consequence of the plaintiff's neglect to file his mortgage they were induced to accept the second mortgage and become sureties for Paulson; that he is insolvent and that the remaining security was insufficient and that they would be compelled to pay the notes. This the proof fails to show. They are not therefore in a condition to complain. The judgment is right and is

AFFIRMED.

THE other judges concur.